CAHILL *v.* DISTRICT OF COLUMBIA.

---

POLICE REGULATIONS; STORAGE OF GASOLINE; EVIDENCE.

1. Section 3, art. 3, police regulations, D. C., prohibiting the storage or keeping for sale, in the District, of any inflammable fluid without a license, and providing that an application for such a license must be

passed upon by the fire marshal, inspector of buildings, and chief engineer of the fire department, instead of by the Commissioners themselves, is not unconstitutional as an unauthorized delegation by the Commissioners of powers intrusted to them; it not being a delegation of authority for the Commissioners to confer upon expert agents the duty of ascertaining and reporting information important to the exercise of the Commissioners' power to grant a license.   (Following *District of Columbia* v. *Weston,* 23 App. D. C. 363.)

2. A police regulation which limits the quantity of an explosive fluid which may be stored within the city limits to 50 gallons, and requires it to be stored outside of buildings, in a tank buried under ground, is reasonable and valid.

3. Conviction in the police court upon an information under sec. 3, art. 2, police regulations, D. C., charging the defendants with storing and keeping gasoline without first having obtained a license, as required by such regulation, is supported by evidence showing that the defendants, licensed keepers of a garage where automobiles are cared for and filled with gasoline for pay, had on their premises one 5-gallon can full of gasoline, and another can partly full, and a buried tank on adjacent ground, from which cans were filled; though the defendants had made application for a license, which had been approved, but upon which no permit had been issued.

No. 1595.  Submitted October 10, 1905.  Decided November 8, 1905.

In error to the Police Court of the District of Columbia.

*Judgment affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. W. S. Duvall* for the plaintiff in error.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Justice McComas delivered the opinion of the Court:

In the police court, Middleton and Cahill, plaintiffs in error, were convicted upon an information which charged them with having in store and keeping for sale gasoline without having first obtained a license. .

This case comes to this court upon a writ of error to the police court to review its judgment.

At the trial, the proof was that Middleton and Cahill maintained an automobile establishment at 1319 L street northwest, in Washington, where automobiles are received for storage; that on July 6, 1905, the fire marshal and the building inspector found on the premises a 5-gallon can filled with gasoline, and a like can nearly filled with gasoline; that nearby there was an underground tank of unknown location and dimensions; that pipes leading from the tank had a spigot located in the doorway of the garage, and the spigot, when turned on, yielded less than a gill of gasoline; that one of the plaintiffs in error admitted that the gasoline was drawn from the buried tank to refill the 5-gallon cans mentioned, and from these cans the tanks of the automobiles stored in the building were filled; that the plaintiffs in error had no license to store gasoline in the underground tank, although they had a permit to conduct an automobile storage house, and had made application in due form for a permit to store gasoline in a 50-gallon tank, which application had been approved by the fire marshal and the chief engineer of the District of Columbia, but no such permit had been issued.

It is contended that the 3d section of the 2d article of the police regulations of the District of Columbia, upon which the information in this case rests, is void, because by it the Commissioners of the District delegate to the inspector of buildings and to the chief engineer of the fire department powers delegated by Congress to the Commissioners, because it authorizes prohibition instead of regulation, because it omits rules to govern the inspector and chief engineer in recommending, or refusing to recommend, the issue of a license to store or keep for sale gasoline, and because it seeks to regulate the sale under authority from Congress to regulate the storage only.

The 3d section of the 2d article of the police regulations, the validity of which is denied, is as follows:

"Sec. 3. No person shall store or keep for sale in the District of Columbia any inflammable oil or fluid composed wholly or in part of petroleum or any of its products, or any other highly

inflammable fluid, without an annual license therefor as provided in this article. Every person desiring such license shall make application therefor in writing to the fire marshal of the District of Columbia, stating the place, building, or part of building, in which the applicant desires to store or keep such articles or any of them; and the said application shall be referred to the inspector of buildings and the chief engineer of the fire department, who shall examine the place or building described in the application, and transmit the said application, with their recommendation in the case in writing thereon, to the assessor of said District, who shall, if said officials so recommend, issue the license, unless otherwise ordered by the Commissioners."

In *District of Columbia* v. *Weston,* 23 App. D. C. 363, 366, this court held that this section was a valid police regulation as made by the Commissioners of the District; saying: "It is not a delegation of their authority to commit to the expert agents named the duty of ascertaining and reporting information important to the exercise of their power to issue a license.  *  *  * Applicants for license have no cause to complain that another agent is directed to issue the license if the former agents, upon inquiry into and report upon the necessary conditions, so recommend, and the Commissioners do not order otherwise."

True, section 3 has been amended since by striking out "Commissioners of the District of Columbia" as the officials to whom application for license shall be addressed, and now provides that "every person desiring such license shall make application therefor in writing to the fire marshal of the District of Columbia," etc. This amendment does not affect the ruling in *Weston's Case,* wherein it was also said "that, in the execution of the powers conferred upon the Commissioners generally, they may appoint executive agents, charged with the performance of ministerial duties under their general supervision and control, where there has been no express authorization thereof." 23 App. D. C. 366; *United States ex rel. Kerr* v. *Ross,* 5 App. D. C. 241.

It is further urged that, while Congress gave power to the Commissioners to regulate the storage of gasoline, under the 3d

section it is possible for either the Commissioners or their subordinates to prohibit the storage of gasoline.   The purpose of the section is to regulate such storage by license; and it provides a mode of application for such license, a reference of such application to appropriate subordinates, who shall make recommendation thereon to another subordinate, who shall, upon a favorable recommendation, issue a license, unless otherwise ordered by the Commissioners.

The officers authorized to examine may report unfavorably upon the application, either because the building is of a character prohibited by other sections of article 2 of police regulations, or because the application states a desire to store a maximum quantity of gasoline, by the same regulations forbidden to be stored in the place or building described in the application for license, or the same subordinate may report favorably, and the assessor may desire to issue the license, but the Commissioners, because of certain reasonable restrictions in this article 2, may order otherwise.

If it were not possible to refuse license to those applicants who failed to fulfil reasonable requirements imposed for safety to life and property, it would not be possible to regulate by a license system the storing and keeping of gasoline.

Nor does section 3, when read in connection with other sections of article 2, fail to provide rules sufficient to guide and control the discretion of the fire marshal and the chief engineer, presumed to have knowledge of the proper methods for the safe storage of gasoline, in reporting upon applications for license.

There is no merit in the objection that Congress authorized the Commissioners to regulate the storage of gasoline only, but the 3d section regulates the sale of gasoline.   Congress authorized the Commissioners to regulate the storage of all gasoline, whether stored for private use or public use, or stored or kept for sale to others.   The storage for commercial use is the principal use of gasoline, and, therefore, this police regulation properly provides supervision of gasoline stored or kept for sale.

It is said that section 3 is so inconsistent with section 1 and section 5 as to be void for unreasonableness; that section 1

prohibits the storing of gasoline in any place except the interior of a building, while section 5 prohibits the storage of gasoline in any building whatever, and requires the tank containing it to be 6 feet outside and away from the nearest wall of any building, and therefore gasoline cannot be stored at any place.

Now, section 1 prohibits only storage on the surface of any yard, avenue, street, etc., while section 5 permits storage underground outside of any buildings. This section permits storage in a tank of iron or steel to contain a maximum of 50 gallons of fluid that will flash at a temperature below 120 degrees. To limit the quantity of an explosive fluid to be stored to 50 gallons, and to require it to be stored outside of buildings in a tank buried underground, is reasonable.

Sundry objections to revocation of license provided in section 5 are irrelevant here. The case now before this court is upon an information charging the plaintiffs in error with storing gasoline without a license.

Passing over several immaterial assignments of error, there remains the objection that there was not sufficient evidence to sustain a conviction upon the information in the court below.

From all the evidence it appears that the court below found that the plaintiffs in error were licensed keepers of a garage, where automobiles were cared for and filled and refilled with gasoline for pay, and that the plaintiffs in error filled the tanks of the automobiles from the 5-gallon cans, and that these cans were, in turn, filled from the tank buried in adjacent ground wherein the gasoline had been stored. These and the other circumstances in evidence appear to have convinced the court, trying the case without a jury, that the gasoline in the plaintiffs' garage was stored and kept for sale to the persons whose automobiles were in the care of the plaintiffs in error, who did not have license to store and keep gasoline for such purpose.

The court below was justified in finding the plaintiff in error guilty. The judgment below will be *affirmed; and it is so ordered.*